IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION 2:13-cv-665-MHT-TFM |
| MIDLAND FUNDING LLC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc. 4).  Pending before the Court is Defendant's Motion to Dismiss (Doc. 6).  For good cause, it is the Recommendation of the Magistrate Judge that the District Court GRANT the Motion to Dismiss.

**I. DISCUSSION**

Defendant argues that its motion to dismiss is due to be granted because the Plaintiff's complaint fails to state a claim upon which relief can be granted.  Reading the complaint and Plaintiff's response to the motion to dismiss in the light most favorable to the *pro se* Plaintiff, the court understands that Plaintiff alleges the Defendant, Midland Funding LLC., placed inaccurate information on his credit report.

## A.  STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). With this standard in mind the Court now turns to the Defendant's Motion to Dismiss.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Services., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth*

*Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

## B. ANALYSIS

Although Plaintiff does not identify a cause of action, the Fair Credit Report Act ("FCRA") sets forth Midland's duties with respect to any information that it provides to consumer reporting agencies ("CRAs") - the credit bureaus that produce credit reports, such as Experian, Equifax, and Trans Union. *See* 15 U.S.C. § 1681s-2. While FCRA requires that "accurate information" be provided to CRAs, *id.* § 1681s-2(a), it "explicitly bars private suits for violations of this section." *Steed v. EverHome Mortg. Co.,* 308 F. App'x 364, 369-70 (11th Cir. 2009). In addition, the FCRA expressly preempts all state laws "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Because the FCRA bars any claim based on inaccurate reporting and preempts any possible claim under state law, Plaintiff's complaint fails to state a claim upon which relief can be granted. Thus, the Defendant's motion to dismiss is due to be granted.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Plaintiff's sole factual allegation is that Midland furnished inaccurate information for his credit report. (Doc. 1 at ¶1 and Doc. 9 at ¶ 2). The FCRA codified the [r]esponsibilities of furnishers of information to consumer reporting agencies"[2] at 15 U.S.C. § 1681s-2. Subsection 1681s-2(a) requires that furnishers provide "accurate information" to CRAs while subsection 1681s-2(b) imposes certain obligations after a furnisher receives notice of a dispute from a CRA. *See New v. CitiFinancial Auto Credit, Inc.,* No 1:10-CV-905-WKW, 2012 WL 2415532, at * 3 (M.D. Ala. June 26, 2012).

The FCRA expressly excludes from the Act's civil enforcement provisions, 15 U.S.C. §§ 1681n & 1681o, "any violation of - subsection (a) of [§ 1681s-2], including any regulations issued thereunder." *See* 15 U.S.C. § 1681s-2(c)(1). Rather, the enforcement of § 1681s-2(a) is vested solely with state and federal regulators. *See* 15 U.S.C. § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section . . . shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title").

Indeed, the Eleventh Circuit has recognized that no private cause of action exists under § 1681s-2(a) for reporting false information:

---

[2] "Furnishers" include "an[y] entity . . . which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies." *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999). Although Midland disputes that it provided any information to a credit bureau, accepting Plaintiff's allegations as true for purposes of this motion, as the Court is bound to do under the applicable standard of review for a motion to dismiss, Midland would be a furnisher of information.

> Green contends that Citizens Bank of Rhode Island ("Citizens") violated § 1681s-2(a) by tendering false information regarding his account. The FCRA, however, does not provide a private right of action to redress such a violation, and the district court was correct in so holding.

*Green v. RBS Nat. Bank,* 288 F. App'x 641, 642 (11th Cir. 2008); *see also New v. CitiFinancial Auto Credit, Inc.,* 2012 WL 2415532 at * 3 ("The FCRA does not provide a private right of action to redress a furnisher of information's violation of its duty under § 1681s-2(a)"); *Bishop v. Holloway Credit Solutions, LLC.,* No. 3:08-CV-995-TFM, 2009 WL 499390, *4 (M.D. Ala. Feb. 27, 2009) ("The obligations included in § 1681s-2(a) do not give rise to a private cause of action." *Knudson v. Wachovia Bank,* 513 F. Supp.2d 1255, 1260-61 (M.D. Ala. 2007) (citation omitted)("There is no private right of action for violations of § 1681 s-2(a)." Accordingly, because FCRA bars a private right of action for furnishing inaccurate information to the CRAs, Defendant's motion to dismiss is due to be granted and this case dismissed.[3]

---

[3] Further, no state law claims are available to Plaintiff because the FCRA preempts state law claims based on furnishing information to credit bureaus:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . **section 1681s-2**of this title, relating to the **responsibilities of persons who furnish information to consumer reporting agencies . . .**

15 U.S.C. § 1681t(b)(1)(F) (emphases added).  *See also, Sigler v. RBC Bank (USA)*, 712 F. Supp. 2d 1265, 1269 (M.D. Ala. 2010)("This section has been called 'the absolute immunity provision' which, if applicable, bars any state law claim based on conduct which is governed by § 1681s-2").

## II. CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's Motion to Dismiss be **GRANTED** (Doc. 6) and that this action be **DISMISSED** with prejudice.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 15, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Upon consideration of the Defendant's Motion to Dismiss (Doc.6) filed October 15, 2013 and the Plaintiff's response thereto filed October 21, 2102 (Doc 9), it is

ORDERED that the Motion to Dismiss (Doc 6) be and hereby is GRANTED..

DONE this 29th day of October, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE