IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
RICKEY LETT,                   )
                               )
    Plaintiff,                 )
                               )      CIVIL ACTION NO.
    v.                         )      2:13cv665-MHT
                               )          (WO)
MIDLAND FUNDING LLC,           )
                               )
    Defendant.                 )
```

OPINION

Plaintiff Rickey Lett filed this lawsuit asserting that defendant Midland Funding LLC furnished inaccurate information for his credit report.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that Midland's motion to dismiss Lett's case should be granted.  Also before the court are Lett's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that Lett's objections should be overruled and the magistrate judge's recommendation adopted. However,

for the reasons described below, the dismissal motion is granted without prejudice.

There are three main players in a credit report dispute like this one. There is the <u>consumer</u>, in this case Lett. There is the <u>consumer reporting agency</u>, which collects information about consumers to prepare credit reports and calculate credit scores. (The three largest consumer reporting agencies are Equifax, Experian, and Trans Union.) Finally, there is the <u>information provider</u>, often a creditor, which allegedly provided wrong information to the consumer reporting agency. In this case, Lett identifies Midland as the information provider.

The Federal Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u>, establishes several responsibilities for information providers like Midland. For example, an information provider is barred from knowingly providing inaccurate information and has an obligation to correct information that it learns to be wrong. 15 U.S.C. § 1681s-2 (a)(1) & (a)(2).

Furthermore, the Act establishes a process by which a consumer can dispute information on his credit report. If the consumer contacts the consumer reporting agency to dispute information, the agency must investigate the dispute within 30 days. § 1681i(a)(1). The agency must also contact the information provider that was the source of the disputed information. § 1681i(a)(2). Once the information provider has been contacted, it also has an obligation to investigate the dispute and correct any inaccuracies. § 1681s-2(b).

The Act generally allows consumers to bring private lawsuits to enforce its terms. §§ 1681n & 1681o. However, there is an exception for information providers. A consumer cannot bring a private lawsuit to enforce the information provider's general duties, such as to report information accurately and to correct errors that come to its attention. § 1681s-2(c). Those violations can be enforced only by federal or state regulators. § 1681s.

But the statute does allow a consumer to sue an information provider in one circumstance: If a consumer has pointed out a mistake to the consumer reporting agency and if the information provider fails to investigate or correct the information, the consumer then has a right to sue. See § 1681s-2(b); Yelder v. Credit Bureau of Montgomery, 141 F. Supp. 2d 1275, 1288-89 (M.D. Ala. 2001) (Albritton, C.J.).

In other words, the Act gives information providers, like Midland, a first chance to correct any mistakes before the consumer is allowed to file a lawsuit. First, the consumer must contact the consumer reporting agency to dispute the information. At that point, both the consumer reporting agency and the information provider must investigate the dispute and must correct any mistakes. If the consumer reporting agency and the information provider do not investigate and correct any mistakes at that point, then the consumer is allowed to sue them for any damages which occur because of their failure to investigate and

correct. (Contacting the information provider directly is not enough for a consumer to be permitted to sue.  The Act allows a consumer to sue only after he has gone through the specific process described in § 1681i, namely, first contacting the consumer reporting agency to dispute the information. <u>Green v. RBS Nat. Bank</u>, 288 Fed. Appx. 641, 642 (11th Cir. 2008).)

For these reasons, Lett's complaint does not present a viable case under the Fair Credit Reporting Act. He does not plead (nor does he indicate in his objections to the Magistrate Judge's recommendation) <u>both</u> that, first, he contacted a consumer reporting agency to dispute the information and that, second, Midland subsequently failed to investigate and correct his credit information.

Therefore, the court will dismiss Lett's case, albeit without prejudice. If Lett has already contacted the consumer reporting agency to challenge any allegedly mistaken information or if he contacts the consumer reporting agency in the future, he is free to re-file his

5

lawsuit with a complaint that pleads in factual detail the nature of the alleged mistake, his communications with the consumer reporting agency about the mistake, and how the failure to correct the mistake injured him.

An appropriate judgment will be entered.

DONE, this the 22nd day of November.

                                      /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE